**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4628**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONNIE WAYNE NIPPER,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-434)

———————————

Submitted:  February 23, 2006        Decided:  March 1, 2006

———————————

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donnie Wayne Nipper appeals the 195-month sentence imposed after he pleaded guilty to one count of transporting stolen vehicles in interstate commerce, in violation of 18 U.S.C. §§ 2312, 2 (2000), and possession of a firearm in commerce after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court concluded that Nipper qualified for sentencing as an armed career criminal and sentenced him under an advisory sentencing regime, after consideration of the applicable sentencing range and the factors under 18 U.S.C. § 3553(a) (2000), to a sentence in the middle of the applicable guideline range.

On appeal, Nipper asserts that his sentence violates the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), because his sentence was enhanced based upon facts, i.e., his qualifying prior convictions, that were not alleged in the indictment, admitted to by him, or found by a jury beyond a reasonable doubt. Nipper does not assert that his prior convictions are not valid predicates for sentencing as an armed career criminal, but states only a legal challenge to his sentence. Nipper acknowledges that his argument is foreclosed by existing Supreme Court precedent on prior convictions and this court's decision in United States v. Cheek, 415 F.3d 349 (4th Cir. 2005). He asserts, however, that the prior conviction exception will eventually be overruled, based on Justice Thomas's concurrence in

- 2 -

<u>United States v. Shepard</u>, 125 S. Ct. 1254 (2005).  In <u>Cheek</u>, we considered and rejected an argument identical to Nipper's contentions on appeal.  We concluded:

> It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.  Even were we to agree with Cheek's prognostication that it is only a matter of time before the Supreme Court overrules <u>Almendarez-Torres</u>, we are not free to overrule or ignore the Supreme Court's precedents.

<u>Cheek</u>, 415 F.3d at 352-53.

We therefore affirm Nipper's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>